UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS LAMON THOMAS,

    Plaintiff,

v.                                            CASE NO. 3:14-cv-961-J-34MCR

RONNIE FUSSELL *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, construed as an application to proceed *in forma pauperis* ("Application") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED**.

*Pro se* Plaintiff filed his Application and Complaint against Ronnie Fussell, County Clerk of Courts, Duval County Clerk of Courts (Courthouse), Officer Alwin Badge # 66806, Judge Marianne Aho, and Assistant State Attorney Brooke Padgett, on August 12, 2014. (Doc. 1.) On August 14, 2014, the Court entered an Order taking the Application under advisement and directing Plaintiff to file an

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

amended complaint and a more detailed application no later than September 4, 2014. (Doc. 3.) The Order provided in relevant part:

> The information provided in Plaintiff's Application is insufficient to allow the Court to determine whether he meets the financial criteria to proceed *in forma pauperis*. For example, the Application provides that Plaintiff has no monthly expenses, and it is unclear how he supports himself and his two dependents when he received only $450 from unspecified "other sources" in the last twelve months. . . .
> . . . The Complaint does not include a short and plain statement of facts in support of Plaintiff's claim(s). It is unclear what exactly Plaintiff is complaining about, when the event(s) underlying this action took place, and whether Plaintiff's claim(s) can even be redressed by this Court. . . .
> Based on the rambling, incoherent allegations of the Complaint, the Court is unable to discern the relevant facts in this case or the basis for the Court's jurisdiction. Further, the Complaint does not include sufficient factual allegations showing Plaintiff's entitlement to relief.
> . . .
> Even when construed liberally, the Complaint fails to state any plausible claims. . . . .
> Accordingly, the Court will take the Application under advisement, and give Plaintiff until September 4, 2014 to file an amended complaint and a more detailed application. If Plaintiff does not comply with this Order, the undersigned will likely recommend that the District Judge dismiss this case for failure to state a claim on which relief may be granted, lack of jurisdiction, and/or want of prosecution.

(*Id.* at 2-6 (citations and emphasis omitted).)

On August 28, 2014, Plaintiff filed an Amended Complaint and a more detailed Application. (Docs. 6, 7.) Also, on August 20, 2014, Plaintiff filed a Notice of Removal, apparently attempting to remove a state criminal case pending against him, to this Court. (Doc. 5.)

A review of Plaintiff's more detailed Application indicates that Plaintiff is without sufficient financial resources to pay the filing fee. (Doc. 6.) Thus, Plaintiff is indigent for purposes of 28 U.S.C. § 1915. Even when a plaintiff is indigent, however, a court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's original Complaint failed to state any plausible claims. (*See* Doc. 3.) Although Plaintiff was given an opportunity to cure the deficiencies in the Complaint by filing an Amended Complaint, Plaintiff has failed to do so. Even when construed liberally, the Amended Complaint, like the original Complaint, fails to state any plausible claims. Essentially, Plaintiff makes the same incoherent, rambling allegations as in the original Complaint, failing to include a short and plain statement of facts in support of his claim(s). It is still unclear what exactly Plaintiff is complaining about, when the event(s) underlying this action took place, and whether Plaintiff's claim(s) can even be redressed by this Court.[2]

---

[2] To the extent Plaintiff attempts to remove a pending case brought against him in state court, he cannot do so without first establishing that federal jurisdiction exists. Although the Amended Complaint alleges jurisdiction based on 28 U.S.C. §§ 1331 & 1343 (Doc. 7 at 1), there are no plausible facts in either the original Complaint or the Amended Complaint to support federal jurisdiction. Additionally, in the Notice of Removal, Plaintiff states that he has been denied due process and that Defendants
(continued...)

Therefore, Plaintiff has failed to state a claim on which relief may be granted, and this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED** and the case be **DISMISSED** for failure to state a claim on which relief may be granted.

2. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 8, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

---

[2](...continued)
"have perpetuated fraud on the court," but does not include any factual support for his bold accusations against Defendants. (Doc. 5.)

[3] Although the Court need not determine whether this case should also be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i), Plaintiff's attempt to bring claim(s) against a judge and the state courthouse adds an element of maliciousness to this action. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Further, although Plaintiff seeks monetary relief from Defendants, they may be immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).